**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-14299-CIV-MARTINEZ-MAYNARD**

**L.H.,** *et al.***,**
'
    **Plaintiffs,**

v.

**OKEECHOBEE COUNTY SCHOOL BOARD,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS COUNTERCLAIM (DE 58)**

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Dismiss [Defendant's] Counterclaim (DE 58). The undersigned has reviewed the Amended Complaint (DE 52), Answer and Counterclaim (DE 57), Motion to Dismiss, Response (DE 59), Reply (DE 60), and Surreply (DE 63). Upon consideration, the Court recommends that Plaintiff's Motion to Dismiss be denied.

**BACKGROUND**

Plaintiff L.H., individually and on behalf of Plaintiff J.B.H., a minor, filed the instant civil action to challenge claims denied in an Administrative Final Order entered on May 2, 2018, under the Individuals with Disabilities Education Act ("IDEA"). Plaintiffs accuse Defendant of an array of failures pertaining to Defendant's education of J.B.H, a "disabled child student" (DE 52 at 22). In its Answer, Defendant raised a counterclaim seeking to have certain portions of the same Administrative Final Order reversed (DE 57 at 21). Plaintiffs now move to dismiss the counterclaim as untimely, arguing that Defendant was required to file the counterclaim within 90 days of the Administrative Final Order (DE 58 at 1). Defendant responds that its counterclaim is not subject to the IDEA's time limitation (DE 59 at 2).

## STANDARD OF REVIEW

Challenges to a court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of civil procedure may be either facial or factual. *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1371 (S.D. Fla. 2015). Similar to a Rule 12(b)(6) motion, a facial attack on a complaint or claim requires the court to look at the allegations pled and, taking all of the allegations as true, determine whether the party has sufficiently alleged a basis for subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007); *W.W. Sports Importadora Exportadora e Comercial LTDA v. BPI Sports, LLC*, 2017 WL 10410372, at *1 (S.D. Fla. Apr. 6, 2017). "By contrast, a factual attack on a claim challenges the existence of subject matter jurisdiction using extrinsic evidence, such as affidavits or testimony." *Gonzalez v. Batmasian*, 239 F. Supp. 3d 1363, 1365 (S.D. Fla. 2017). In the present action, Plaintiff's jurisdictional challenge relies on factual assertions concerning the date of the Administrative Law Judge's ("ALJ") Final Order and whether the Defendant's counterclaim based on that administrative order is timely. Consequently, the Motion to Dismiss is a factual attack which allows the Court to examine material outside the Amended Complaint in determining whether this Court has jurisdiction to hear Defendant's counterclaim.

## DISCUSSION

The issue presented to the Court is whether Defendant's counterclaim is an "action," for purposes of applying the 90-day statute of limitations under the IDEA. Plaintiffs contend that Defendant was required to bring its counterclaim within 90 days of May 2, 2018, the date the ALJ issued his Final Order (DE 58 at 3). Plaintiffs further contend that Defendant's counterclaim is permissive rather than compulsory and that it is well settled that a permissive counterclaim filed outside the limitations period will be time-barred. Defendant, by contrast, argues its counterclaim

is compulsory under Rule 13 of the Federal Rules of Civil Procedure and that raising a compulsory counterclaim is not "bringing [an] action" for purposes of applying the 90-day limitations period. (DE 59 at 3, DE 63 at 2). The undersigned will address each issue in turn.

### A. Defendant's Counterclaim is Not Time-Barred Under the IDEA

Federal law relevant to the IDEA provides in pertinent part that: "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B). Florida similarly gives a party 90 days from the date of the decision of an ALJ to bring an action in state or federal court challenging that decision. *Fla. Admin. Code R*. 6A-6.03311(9)(w). Thus, 90 days is the limitation relevant to the instant case.

While the Eleventh Circuit appears to lack circuit-wide precedent on whether a counterclaim is an "action" which is subject the 90-day limitations period under the IDEA, the undersigned finds the case law from outside of the circuit on this issue is consistent, persuasive, and supports Defendant's argument. In *Jonathan H. v. The Souderton Area Sch. Dist.*, the plaintiff appealed the hearing officer's decision by filing a civil action on the ninetieth day following the decision. 562 F.3d 527, 528 (3d Cir. 2009). Seventy days after the plaintiff filed the civil action, the defendant school district filed a counterclaim. *Id*. Plaintiff moved to dismiss the counterclaim as untimely, the district court agreed, and the school district appealed. *Id*. The Third Circuit reversed the district court's decision, finding that "a defendant does not 'bring an action' by asserting a counterclaim; only a plaintiff may 'bring an action' for purposes of the IDEA." *Id.* at 530. The court noted that counterclaims are, by their nature, reactive rather than provocative. *Id.* at 529. As challenges to hearing officer decisions are original civil actions and governed by the

Federal Rules of Civil Procedure, *id*., the court held that compulsory counterclaims can be filed beyond the 90-day window. *Id*. at 530. In addition to its legal analysis, the Third Circuit provided a convincing policy argument for its holding:

> If counterclaims were prohibited in this context, parties would file "protective complaints" to preserve issues adjudicated against them, even when they otherwise would countenance the administrative judgment, for fear that their adversaries would file complaints just before the statute of limitations expired—as Jonathan H. did here. This could cause unnecessary litigation. Our ruling allows parties to fairly assess their clams when they receive a mixed result from an administrative agency, and to file a complaint only when necessary.

*Id*.

The Third Circuit's analysis is bolstered by holdings in the Fifth and Fourth Circuits. In *Ruben A. v. El Paso Indep. Sch. Dist.,* the Fifth Circuit noted that the school district's counterclaim was "indisputably filed more than ninety days after the date" of the hearing officer's decision. 414 F. App'x 704, 706 (5th Cir. 2011). The Fifth Circuit cited the Third Circuit's opinion in *Jonathan H*. before itself concluding that the relevant time limitation provision "neither expressly nor impliedly limits the filing of counterclaims in response to civil actions brought in federal court." *Id*. at 707. Similarly, in *Kirkpatrick v. Lenoir Cty. Bd. of Educ.*, the Defendant school board did not file its counterclaim within the prescribed limitations period. 216 F.3d 380, 382 (4th Cir. 2000). The Fourth Circuit held that because Plaintiffs filed a timely civil action, Defendant's compulsory counterclaim related back to the date of the filing and the time limitation was inapplicable. *Id*. at 387; *see also Mayo Clinic Jacksonville v. Alzheimer's Inst. of Am., Inc.*, 683 F. Supp. 2d 1292, 1298 n.8 (M.D. Fla. 2009) (quoting *Bull v. United States*, 295 U.S. 247, 262 (1935) (noting that "[a] compulsory counterclaim that is 'in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded ... is never barred by the statute of limitations so long as the main action itself is timely.'"). Although not all courts have adopted *Jonathan H.*'s holding many courts do. *See Lloyd v. Ingenuity Prep Pub. Charter Sch.*, 368 F.

Supp. 3d 25, 29 (D.D.C. 2019) (although declining follow *Jonathan H.* itself, the district court recognized that "the weight of authority" follows *Jonathan H.*'s holding). Indeed, Defendant cites to an array of district court holdings that comport with *Jonathan H*. (*see* DE 59 at 3-4).

The undersigned therefore recommends that the District Court join the Fifth and Fourth Circuits in holding that the limitations period under the IDEA does not apply to compulsory counterclaims.

### B. Defendant's Counterclaim is a Compulsory Counterclaim

The undersigned further recommends that the District Court find that Defendant's counterclaim is compulsory. In their Reply, Plaintiffs attempt to distinguish the instant case from the cases above—where the courts found that conclusory claims are not an "action" for purposes of the IDEA— by asserting that the Defendant's counterclaim is "*permissive* and therefore subject to the 90 day statute of limitations" (DE 60 at 2) (emphasis added). Plaintiffs concede that "at first glance, it would appear that the claims arise out of the same set of facts because both parties are appealing the same final order. . ." *Id*. Plaintiffs insist, however, that "the operative facts the Defendant will need to establish its counterclaim are distinguishable from the facts the Plaintiff will need to establish the claims raised in the Amended Complaint." *Id*. Plaintiff's argument is unpersuasive.

Again, the law supports Defendant's position. Rule 13 of the Federal Rules of Civil Procedure defines a counterclaim as compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Fed. R. Civ. P.* 13(a). The Eleventh Circuit has adopted a "logical relationship" test for determining whether a counterclaim is compulsory. *Republic Health Corp. v. Lifemark Hosps. of Fla., Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985). Under that test, a claim is compulsory when "*the same operative facts serve as the*

*basis of both claims* or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id*. (emphasis added) (internal quotations omitted). Here, Plaintiffs and Defendant are both challenging findings within the same final order, entered by the same ALJ on the same date, pertaining to the same student, and under the same federal law. The same operative facts are thus inherently involved in both claims; therefore, Defendant's counterclaim is compulsory.[1]

## CONCLUSION

**ACCORDINGLY**, this Court recommends to the District Court that Plaintiff's Motion to Dismiss Counterclaim (DE 58) be **DENIED**.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Failure to file timely objections shall bar the parties from a *de novo* determination by the District Court of the issues covered in this Report and Recommendation and bar the parties from attacking on appeal the factual findings contained herein. *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988). Conversely if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

---

[1] In addition, holdings by the Fourth and Fifth Circuits bolster the undersigned's interpretation of compulsory counterclaims under the IDEA. *See e.g. Kirkpatrick*, at 216 F.3d 380, 387–88 (finding that "counterclaim was compulsory because it [arose] from the same administrative hearing and review officer's decision, involve[d] the same child and school district, and evoke[d] consideration of the same law."); *Ruben A.*, 414 F. App'x at 706 (noting that a counterclaim was compulsory under a district court's findings that "[b]oth parties' claims [arose] from the SEHO's decision, and both rel[ied] on the same set of facts from the administrative record and on the applicable law, the IDEA." (internal quotations omitted).

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 31st day of August, 2020.

                                                SHANIEK M. MAYNARD
                                                UNITED STATES MAGISTRATE JUDGE